# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HENRY DANIEL GUERRA,<br><br>    Petitioner,<br><br>v.<br><br>DORA SCHRIRO and<br>ARIZONA ATTORNEY GENERAL,<br><br>    Respondents. | CIV 05-1927 PHX SMM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

On June 24, 2005, Petitioner, through counsel, filed a petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254, challenging his criminal conviction by an Arizona state court. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 14) on February 21, 2006. Respondents assert that the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. On April 24, 2006, Petitioner, through counsel, filed a Traverse in Response to Answer ("Traverse") (Docket No. 17). Petitioner argues that the relevant statute of limitations "should be deemed either inapplicable in [Petitioner's] unique case and/or the time periods tolled." Traverse at 2.

**I Procedural History**

In 1987, a jury found Petitioner guilty of first-degree murder. Answer, Exh. A. On March 23, 1987, Petitioner was sentence to a term of life imprisonment pursuant to this conviction. Id., Exh. A. Petitioner took a direct appeal of his conviction and sentence to the Arizona Supreme Court, which affirmed the conviction and sentence in an opinion issued June 13, 1989. See Arizona v. Guerra, 161 Ariz. 289, 778 P.2d 1185;[1] Answer, Exhs. B-E.

Petitioner did not seek any form of relief from his state conviction for first degree murder between 1989 and 2001.

Petitioner filed an action seeking post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on August 1, 2001. Id., Exh. F. Petitioner asserted his trial and appellate counsel were ineffective and that he was deprived of his constitutional rights because he had been medicated against his will at trial. Id., Exh. F. Because Petitioner had been convicted prior to 1992, the current provisions of Rule 32.4(a), Arizona Rules of Criminal Procedure requiring such a petition to be filed within 90 days of the conviction and sentence were not applied, and the state court found the petition timely filed.

---

[1] In his direct appeal, Petitioner asserted that his right to be free of double jeopardy was violated, that the trial court improperly admitted evidence, that the jury instruction regarding premeditation was in error, that the prosecutor's cross-examination of Petitioner constituted error, and that the prosecutor improperly commented on Petitioner's silence in closing argument.

-2-

The Arizona Superior Court conducted an evidentiary hearing regarding Petitioner's allegations of ineffective assistance of counsel in 2002. Id., Exh. V at Exh. 2. The Arizona Superior Court considered the merits of Petitioner's claims that he was deprived of the effective assistance of counsel and denied relief in a decision issued September 30, 2002. Id., Exh. "B" following Exh. Q. Petitioner sought review of this decision by the Arizona Court of Appeals, id., Exh. P, which denied review on February 10, 2004. Id., Exh. U. On June 30, 2004, the Arizona Supreme Court issued a decision denying review of the Arizona Court of Appeals' decision denying post-conviction relief. See id., Exh. V; Docket No. 5, Exh. 6.

Petitioner's action for federal habeas relief was filed June 24, 2005. Petitioner asserts he is entitled to relief because he was deprived of his constitutional right to the effective assistance of counsel and because of the involuntary administration of drugs to Petitioner during his trial in violation of his constitutional rights, citing Riggins v. Nevada, 504 U.S. 127 (1992). Respondents contend that the federal habeas petition was not timely filed because it was not filed within one year of the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 and Petitioner has not established that he is entitled to statutory tolling of the statute of limitations. Petitioner asserts that the relevant statute of limitations should not begin to accrue until after Petitioner's first state court action for post-conviction relief was adjudicated.

-3-

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Petitioner is a state prisoner whose conviction became final in late 1989, when the time for petitioning the United States Supreme Court for review of his conviction and sentence expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, Petitioner's state conviction became final before April 24, 1996, the effective date of the AEDPA. See Pub. L. No. 104-132, 110 Stat. 1214.

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file any petition for federal habeas corpus relief from those convictions prior to April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). However, the AEDPA also entitled a petitioner to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Because Petitioner's state conviction became final prior to the effective date of the AEDPA, the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 23, 1997, unless it was statutorily tolled by any pending action for state post-conviction relief. See Patterson, 251 F.3d at 1246. Petitioner does not cite to any published opinion of a federal court which concludes the statute of limitations regarding his federal habeas action should not begin to run as specified in the AEDPA.

Petitioner did not have any pending action for state post-conviction relief pending from April 24, 1996, until April 23, 1997. Petitioner did file a state action for post-conviction relief on August 1, 2001; however, even if this action was deemed timely filed such that the state court was required to consider the merits of the claims,[2] this action for

---

[2] The Court notes that the applicable state rule of criminal procedure was amended to curb abuses by prisoners who did not timely exercise their right to a state action for post-conviction relief and to prohibit multiple adjudications:
> We hold that Rule 32.4(a) does not preclude a defendant under sentence of death from filing a notice of post-conviction relief before his direct appeal is concluded. Rule 32.1 provides that "any person who has been convicted of ... a criminal offense may ... institute a proceeding to secure appropriate relief" on any of the grounds specified in the rule. Before 1992, a defendant could file a petition for post-conviction relief "at any time after entry of judgment and sentence." Ariz. R. Crim. P. 32.4(a) (amended 1992). However, the unlimited time for filing had potential for abuse, particularly in capital cases. Under old Rule 32.4(d), the superior court could stay an execution date set by this court if the defendant

-5-

post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 124 S. Ct. 328 (2003); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Lott, 304 F.3d at 922 (concluding the petitioner was entitled to tolling for the time period the petitioner was denied access to his legal files while being transferred); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Additionally, equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file

---

filed a Rule 32 petition. A capital defendant whose conviction and sentence had been affirmed by this court would often wait nearly until the eve of his scheduled execution to file a Rule 32 petition, at which time the superior court would stay the execution without any review by this court. This practice often resulted in unwarranted delay.

Krone v. Hotham, 181 Ariz. 364, 365 (1995).

a timely claim.  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).[3]  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  Gaston, 417 F.3d at 1034.  "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

Petitioner argues that he belongs to a unique class of Arizona prisoners, i.e., those convicted prior to 1992, "whose status warrants precluding the automatic application of the prescribed statute of limitations either under tolling principles, or pursuant to section 2244(d)(2)(b), state created

---

[3] The Ninth Circuit Court of Appeals has not squarely addressed whether the United States Supreme Court's opinion in Pace v. DiGuglielmo "lowered" the standard for equitable tolling set in Spitsyn:
> Although Gaston, [] also repeated the "impossible to file a petition on time" language, a few months earlier the Supreme Court had framed the equitable tolling standard in less absolute terms in Pace v. DiGuglielmo, --- U.S. ----, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005):
> > Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.

Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005). See also Astorga v. Terhune, 130 Fed. App. 181, 183 (9th Cir. 2005); Boudette v. Schriro, 2006 WL 664364, at *3 (D. Ariz.).

impediments." Traverse at 2. Petitioner argues the state created an impediment to his timely filing of his federal habeas action by allowing prisoners whose convictions were final prior to 1992 to file an action for post-conviction relief at any time after their conviction.

Petitioner argues that, because the state led him to believe any state action for post-conviction relief would be timely, and because it was necessary to exhaust his claims for federal habeas relief in the state courts, the state created an impediment to the timely filing of his federal habeas petition because he was lulled by the state into thinking the statute of limitations for his federal habeas action was also somehow tolled or suspended.[4]

> As a member of this narrow class, Mr. Guerra reasonably believed, because his case remained open for review in the state courts at any time, coupled with the need to exhaust all of his claims in the state courts before

---

[4]

While it is acknowledged that Petitioner did not file a Notice of Post-Conviction relief before or between April 24, 1996 and April 24, 1997, it is the actions of the State that provided him the reasonable belief that he was in no jeopardy in delaying his submissions Petitioner asserts that fact Arizona imposes no time limit upon him to pursue post-conviction relief, a step necessary before he would be capable of obtaining a federal on-the-merits review, coupled with the fact that he did, in fact, receive an on-the-merits review as a member of this unique and limited class of prisoners, constitutes grounds sufficient for this Court to find the statute equitably tolled as to Mr. Guerra through the time he filed his state court action in 2001 and has since been diligently pursuing his state court remedies.

Traverse at 4.

>   proceeding to federal court, that he would have one-year to file the federal petition following the conclusion of his state court remedies.

Id. at 3.

>   While Mr. Guerra did not formally seek post-conviction relief by filing a Notice comporting with Rule 32.4 between April 1996 and April 1997, he maintained the right under Arizona law to pursue relief and raise the claims he now presents in his federal petition.... there is no state court ruling of untimeliness which would control this court's decision.

Id. at 4.

Petitioner contends that, because the State of Arizona

>   took an affirmative step to create a unique class of prisoners by specifically advising such prisoners they were 'an exception to the rule' ... that should be sufficient to deem, under Arizona law, that a petition for these class members is effectively pending in the state until a first petition is filed and finally adjudicated, procedurally or substantively.

Id. at 5.

Petitioner has not met his burden of establishing there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir.

-9-

2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."); Miranda, 292 F.3d at 1068 (concluding that counsel's errors in miscalculating the statute of limitations and mis-advising the petitioner did not warrant equitable tolling). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (internal quotations and citations omitted). Compare Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002). Petitioner does not cite the published opinion of any federal court for the proposition that a state-created "reasonable belief" entitles a prisoner to the equitable tolling of the applicable statute of limitations. The Court notes that the law states a petitioner must be "actively misled" by the state, or that some other "extraordinary" circumstance must operate to warrant equitable tolling of the relevant statute of limitations.

      The Court does not accept the argument that the State of Arizona somehow actively misled Petitioner regarding his ability to timely file a federal habeas petition by changing the state rule of criminal procedure placing a time limit on state actions for post-conviction relief. The state did not prevent

Petitioner from filing a state action for post-conviction relief within one year of the effective date of the AEDPA, in order to exhaust any habeas claims and tolling the statute of limitations. Petitioner does not assert he was unaware the passage of the AEDPA in 1996 placed a time limit on his ability to seek federal habeas relief. Petitioner's assertion that he belongs to a "class" of individuals for whom a different statute of limitations rule should apply belies his assertion that he was prevented by some "extraordinary" circumstance from timely filing his federal habeas action. Cf. Jihad v. Hvass, 267 F.3d 803, 807 (8th Cir. 2001) (reasoning that an "extraordinary" circumstance could not be one that is "the kind[] of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period.").

Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Petitioner allowed approximately twelve years to pass, from 1989, when his conviction became final after direct appeal, through 2001, without pursuing any avenue of federal, or state, post-conviction or habeas relief. Although Petitioner argues he has been diligently pursuing his remedies since 2001, he does not argue he diligently pursued any remedies from 1989 through 2001. Petitioner does not offer any reason why he failed to pursue any form of post-conviction

relief for nine years after the 1992 <u>Riggins</u> decision was issued, a basis for his current substantive claim for relief. <u>Compare</u> <u>Griffin v. Rogers</u>, 399 F.3d 626, 636 (6th Cir. 2005). Therefore, the Court concludes Petitioner did not act with reasonable diligence which would warrant equitable tolling of the statute of limitations. <u>See</u> <u>Pace</u>, 125 S. Ct. at 1814-15.

### III Conclusion

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action. <u>See</u> <u>Smith v. McGinnis</u>, 208 F.3d 13, 17-18 (2d Cir. 2000) (concluding that the petitioner's delays in seeking collateral review of his conviction did not show reasonable diligence, and that the AEDPA's tolling provision already accommodated the exhaustion requirements which prisoners faced, and that petitioner's pro se status during most of limitations period did not merit equitable tolling); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).

**IT IS THEREFORE RECOMMENDED** that Mr. Guerra's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of

-12-

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of May, 2006.

_____
Mark E. Aspey
United States Magistrate Judge